52 CCPA

**Application of Barney J. MAGERLEIN and William P. Schneider.**

**Patent Appeal No. 7148.**

United States Court of Customs and Patent Appeals.
June 14, 1965.

Eugene O. Retter, Gerard A. Blaufarb, Kalamazoo, Mich., for appellants.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from the decision of the Board of Appeals which affirmed the examiner's rejection of claims 1, 3–6 and 8–16 of appellants' application [1] for "Organic Compounds and Process."

The appealed claims are directed to certain 16-hydroxy steroids. As the result of an amendment filed during prosecution of the application before the Patent Office, all claims now specify the alpha (α) orientation for the 16-hydroxy substituent. Claim 1 is representative:

1. A compound of the following formula:

---

1. Serial No. 776,437, filed Nov. 26, 1958.

wherein X is selected from the group consisting of the carbonyl radical and the β-hydroxymethylene radical, R and R′ are selected from the group consisting of hydrogen and the acyl radical of a hydrocarbon carboxylic acid containing from 1 to 12 carbon atoms, inclusive, and wherein, when R is acyl, R′ is acyl.

The relationship of the 16-hydroxy substituent to the steroid nucleus can be represented diagrammatically as:

The dotted line used to illustrate the bond joining the hydroxy substituent (R=H) to the steroid nucleus in claim 1 above is a convention adopted by steroid chemists to denote that the hydroxy group has the α orientation or configuration.[2]

The examiner initially rejected the claims as based on insufficient disclosure, noting that neither the specification nor claims as filed disclosed whether the 16-hydroxy substituent is α or β oriented. In response, appellants amended the specification and claims to indicate that the hydroxy substituent had the α orientation. The examiner then rejected the claims as containing new matter. One of the appellants submitted an affidavit under Rule 132 in support of the propriety of their amendment. The affidavit attempts to compare compounds assertedly produced by appellants' disclosed process with a compound having known 16α configuration referred to as the Bernstein et al. compound. The affidavit reads in part:

THAT, he has studied and is familiar with the work of Bernstein et al. [J. Am. Chem. Soc., 81, 1689 (1959)] on 16α-hydroxylated steroids and is in agreement with reported structures;

THAT, he knows of no facts or principles of structural chemistry which are inconsistant [sic] with the 16α-configuration of Bernstein's compound, 11β,17α-dihydroxy-16α,21-diacetoxy - 1,4 - pregnadiene - 3,20 - dione;

THAT he has reproduced Bernstein's identical compound, 11β,17α-dihydroxy-16α,21-diacetoxy-1,4-pregnadiene-3,20-dione;

THAT, he made the structural assignment of 11β,16α-dihydroxy-21-acetoxy - 4,17(20) - pregnadiene - 3-one [3] on the basis of the above con-

2. Saturated carbon atom $C_{16}$ is bonded to carbon atoms $C_{15}$ and $C_{17}$, to the hydroxy substituent, and to a hydrogen atom. Appellants point out that because of the relation of the valence bond angles of saturated carbon atoms, one of the hydrogen or hydroxy substituents attached to $C_{16}$ will project toward one side of the approximate plane of the steroid nucleus and the other substituent toward the oth-

er side of that plane. The substituent which projects toward the opposite side from methyl groups $C_{18}$ and $C_{19}$ is said to have the α orientation, whereas the group projecting toward the same side of the nucleus as the methyl groups is said to have β orientation.

3. One of appellants' claimed compounds, corresponding to Example 1 of the specification.

siderations and the following chemical reactions which were carried out by him and under his direction:

\* \* \* \* \* \*.

The affidavit continues with a flow sheet and detailed description of the reactions carried out. The analytical comparative data was listed in preparation 3 of the affidavit:

\* \* \* Recrystallization. from ethyl acetate gave 11β,17α-dihydroxy - 16α,21 - diacetoxy - 1,4 - pregnadiene - 3,20 - dione (IV) melting at 162–165° C. (solvated), $\nu$ max. 3440, 1743, 1665, 1625, 1610, 1237, 1050 cm$^{-1}$.

Bernstein et al., J. Am. Chem. Soc., 81, 1689 (1959) discloses 11β,17α-dihydroxy - 16α,21 - diacetoxy - 1,4 - pregnadiene-3,20-dione melting at 161–163° C., max. 3458, 1748, 1668, 1632, 1612-(shoulder), 1234, 1060 cm$^{-1}$.[4]

\* \* \* \* \* \*

The affidavit concluded:

THAT, the 11β,17α-dihydroxy-16α,21 - diacetoxy - 1,4 - pregnadiene -3,20-dione (IV) prepared in Preparation 3, above, was identical in melting point and infrared analysis to a sample of 11β,17α-dihydroxy-16α,21 - diacetoxy - 1,4 - pregnadiene-3,20-dione known to be identical with the 11β,17α - dihydroxy - 16α,21 - diacetoxy- 1,4 - pregnadiene - 3,20 - dione reported by Bernstein et al., J. Am. Chem. Soc., 81, 1689 (1959);

THAT, from the above experimental data it is his opinion and belief that the introduction of a 16-hydroxyl group via the selenium dioxide process of Preparations 1 and 5, above, and Examples 1 and 4 of

application Serial No. 776,437, is inherently productive of compounds containing the 16α-configuration;

THAT, in the above series of chemical reactions, Preparations 1 through 5, and in the chemical transformations of application Serial No. 776,437, Examples 1 through 6, there are no conditions which would lead to the epimerization of the 16-substituent and therefore the 16-position in all instances has the α-configuration;

\* \* \* \* \* \*.

Appellants urge that our decision in In re Nathan, 328 F.2d 1005, 51 CCPA 1059, is dispositive of the issue in this case. There, the appellants found themselves in a similar predicament when the examiner and board refused to recognize an amendment and affidavit establishing the orientation of a 2-halo substituent in a steroid molecule as inherently α. We said in Nathan:

It seems to us that the issue here is whether appellants' identification of their 2-halo steroids in their original disclosure is adequate to identify the claimed subject matter and whether there is sufficient evidence in the record to show the alpha orientation to be an inherent characteristic of the subject matter so identified. If the answers are in the affirmative then appellants' amendment specifying the alpha orientation for the 2-halo substituent is not new matter but rather is merely a statement of an inherent property of the steroids as disclosed in appellants' original disclosure.

■ We think that statement is equally applicable to the factual situation here.

---

4. The record does not show what technique Bernstein employed to introduce the 16α-hydroxy group into the steriod nucleus. Bernstein dehydrogenated 11β, 16α,17α,21 - tetrahydroxy - 4 - pregnene-3,20-dione (16α-hydroxy hydro-cortisone) to give 11β,16α,17α, 21 - tetrahydroxy-1, 4-pregnadiene-3,20-dione (16α-hydroxy prednisolone). He obtained 16α,21-diacetoxy-11β,17α-dihydroxy - 1,4 - pregna-

diene-3,20-dione upon acetylation. In addition to the melting point (161–163°C) and infra-red analysis given for that compound supra, Bernstein apparently obtained the same compound, having a melting point of 217–219° C,$\nu$ max. of 3422, 1742, 1710, 1662, 1625, 1602, 1232 and and 1046 cm.$^{-1}$, and optical rotation of +70°, in a run employing larger quantities of starting materials.

On the first point, we are satisfied that appellants' original disclosure adequately identifies the claimed subject matter. The disclosure is specifically directed to a class of 16-hydroxy steroid compounds, no question being presented as to the nomenclature employed to identify the compounds aside from the orientation of the hydroxy group at the 16-position of the steroid nucleus. There appears no reason to doubt that one skilled in the art following the teaching of the application would be able to produce those compounds and identify them as 16-hydroxy steroids.

The remaining question is whether there is sufficient evidence in the record to show the α orientation to be an inherent characteristic of the subject matter so identified. Appellants rely on their Rule 132 affidavit to establish inherency. In particular, appellants state that the affidavit comparison of the melting points and infra-red analyses of the compound of preparation 3, supra, and Bernstein's 11β,17α - dihydroxy - 16α,21 - diacetoxy - 1,4 - pregnadiene - 3,20 - dione compound of known 16α-hydroxy configuration establishes inherency of the 16α-hydroxy orientation in their compounds. Appellants further rely in part on comparative paper chromatographic analyses of other compounds prepared in the affidavit.

The issue of whether the synthesis routes and comparative data shown in the affidavit are sufficient to establish inherency of the 16α-hydroxy configuration as produced by the disclosed process from the disclosed reactants was not considered by the board, nor is it discussed to any great extent in appellants' brief here. In its decision, rendered prior to this court's opinion in Nathan, the board apparently thought it unnecessary to consider the merits of the affidavit since "it was based on the work of another subsequent to the filing date of the application." For the reasons stated in Nathan we do not consider the board's position to be sound.

■ Under the circumstances, however, we do not think it is appropriate for us to consider the sufficiency of the affidavit without the benefit of the views of the Patent Office and appellants on the technical questions presented therein. Thus we do not decide the question of whether the affidavit process and, for example, the comparative melting point data and infra-red analysis of the affidavit are sufficient to establish the inherency of the 16α orientation as opposed to 16β orientation. Nor do we decide whether other process routes or additional analytical data, such as optical rotation, might be required. Accordingly we are obliged to reverse and remand this case for further proceedings in the Patent Office not inconsistent herewith.

Reversed and remanded.